# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

---

No. 03-1302

---

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Minnesota. |
| Arnold James Pemberton, | * | CR 02-161(2) JNE/RLE |
| | * | |
| Defendant - Appellant. | * | |

---

Submitted: June 18, 2004
Filed: April 22, 2005

---

Before BYE, JOHN R. GIBSON, and BOWMAN, Circuit Judges.

---

BYE, Circuit Judge.

Arnold James Pemberton appeals his convictions and sentences following a plea of guilty to three counts of assault with a dangerous weapon in violation of 18 U.S.C. §§ 113(a)(3), 1151, 1153(a), and 2. We affirm.

I

On April 18, 2002, Pemberton and his cousin Randy Garrigan got into a fight with Robert "Whitey" Anderson and Leland Lussier at a bar in Bemidji, Minnesota. Following the altercation, Pemberton and Garrigan obtained a rifle and a handgun and

SCANNED
JUN 17 2005
U.S. DISTRICT COURT ST. PAUL

drove around until they found Anderson, Leland Lussier and Melissa Lussier on a country road on the Red Lake Indian Reservation. A second confrontation ensued in which Garrigan shot and seriously wounded both Anderson and Leland Lussier. Pemberton shot at the trio but it is undisputed the bullets fired from his weapon did not strike anyone. Melissa Lussier was uninjured in the shootout.

Pemberton and Garrigan were charged in a seventeen-count superceding indictment with assault with intent to commit murder, assault resulting in serious bodily injury, assault with a dangerous weapon, conspiracy to use a firearm in furtherance of a crime of violence and aiding and abetting. The indictment alleged Pemberton and Garrigan were non-Indians under 18 U.S.C. § 1152, and alternatively, that Pemberton and Garrigan were Indians under 18 U.S.C. § 1153(a).

Pemberton entered into a plea agreement with the government and pleaded guilty to Counts 6, 7 and 8, which, inter alia, alleged Pemberton was an Indian under § 1153(a). In return for Pemberton's plea of guilty, the government dismissed the remaining counts.

The plea agreement Pemberton signed states he is an Indian and fired at Anderson, Leland Lussier and Melissa Lussier without justification and with the intent to do them bodily harm. The agreement further states Pemberton was unaware of any facts justifying his actions or the actions of Garrigan. The plea agreement also states Anderson sustained permanent or life-threatening injuries and Lussier sustained serious bodily injury. Finally, Pemberton stipulated to a four-level enhancement under United States Sentencing Guidelines § 2A2.2(b)(3)(A), because permanent, life-threatening or serious bodily injuries resulted from the assault.

At the change of plea hearing, Pemberton testified he was not an enrolled member of any tribe but considered himself an Indian. Pemberton further testified his parents were both Indians and his mother was an enrolled tribal member. Change of

Plea Tr. 19-20. Pemberton also admitted the facts surrounding the assault, as outlined above, and conceded the applicability of the four-level enhancement for permanent, life-threatening or serious bodily injury. Change of Plea Tr. 20-22. The district court[1] accepted the guilty plea and ordered a presentence investigation.

The Presentence Investigation Report (PSR) identified Pemberton as an Indian who was born on the Red Lake Reservation and lived there with his mother, father and later his girlfriend's family. The PSR indicated Pemberton has a three-year-old daughter who lives with his girlfriend on the reservation. Finally, the PSR stated he attended grade school and high school on the Red Lake Reservation. Pemberton offered no objection to any of the factual information contained in the PSR.

At sentencing, the district court imposed a fifty-seven month sentence – the low end of the applicable guideline range. Once again, Pemberton offered no objection to any of the factual information developed at the change of plea hearing, or contained in the plea agreement and the PSR. On appeal, however, he argues the district court lacked jurisdiction over him because there was insufficient factual basis to conclude he was an Indian under § 1153(a). He further contends the four-level enhancement was inapplicable because the injuries were solely attributable to the actions of Garrigan who was acquitted at trial of any wrongdoing.

II

Pemberton first argues the district court lacked jurisdiction because there was insufficient evidence to establish his status as an Indian under § 1153(a). A dispute over his status as an Indian or non-Indian, while relevant to the matter of proof at trial, did not deprive the district court of jurisdiction. See United States v. White

[1]The Honorable Joan E. Lancaster, United States District Judge for the District of Minnesota.

Horse, 316 F.3d 769, 772 (8th Cir. 2003). "As the Supreme Court has recently made clear, the matter of jurisdiction has to do only with 'the court's statutory or constitutional *power* to adjudicate the case.'" Id. (quoting United States v. Cotton, 535 U.S. 625, 630 (2002) (citation omitted) (emphasis in original)). "Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231 .... That's the beginning and the end of the 'jurisdictional' inquiry." Id. (quoting Hugi v. United States, 164 F.3d 378, 380 (7th Cir. 1999)); see also United States v. Beck, 250 F.3d 1163, 1165-66 (8th Cir. 2001) ("[T]he nexus with interstate commerce, which courts frequently call the 'jurisdictional element,' is simply one of the essential elements of § 844(i) .... It is not jurisdictional in the sense that it affects a court's subject matter jurisdiction, i.e., a court's constitutional or statutory power to adjudicate a case.") (quoting United States v. Martin, 147 F.3d 529, 531-32 (7th Cir. 1998)). Thus, we hold the alleged dispute over Pemberton's Indian status did not deprive the district court of jurisdiction.

Even if Pemberton's characterization of § 1153(a) as jurisdictional is correct, it is well settled "[i]n order for a defendant who has pleaded guilty to sustain a challenge to the district court's jurisdiction, he must establish that the face of the indictment failed to charge a federal offense." Mack v. United States, 853 F.2d 585, 586 (8th Cir. 1988) (citation omitted). Here, he does not challenge the sufficiency of the indictment, and it is apparent the indictment charged all the necessary elements, including his Indian status under § 1153(a). While a guilty plea does not confer jurisdiction, United States v. Mathews, 833 F.2d 161, 164 (9th Cir. 1987), "[a] guilty plea admits factual allegations in the indictment that form the basis for federal jurisdiction," Mack, 853 F.2d at 586 (citing Mathews, 833 F.2d at 164). We conclude his guilty plea was sufficient to establish the factual predicate necessary for the district court to find he was an Indian under § 1153(a).

We also reject Pemberton's claim that the admitted facts were insufficient to establish he was an Indian. Relying on United States v. Lawrence, 51 F.3d 150, 152

(8th Cir. 1995), he contends the only way to establish a defendant's Indian status is to show he has some Indian blood[2] and is recognized as an Indian by a tribe or the federal government. We disagree. "Enrollment is the common evidentiary means of establishing Indian status, but it is not the only means nor is it necessarily determinative." United States v. Broncheau, 597 F.2d 1260, 1263 (9th Cir. 1979) (citations omitted). In United States v. Dodge, 538 F.2d 770, 786 (8th Cir. 1976), this court held defendants who hold themselves out to be Indians and who are of Indian blood are Indians under § 1153. Here, the facts establish Pemberton identified himself as an Indian. His parents were both Indians and his mother was an enrolled member of the tribe. Additionally, he lived for long periods of time on the reservation and attended grade school and high school on the reservation. He also has a child and lived together with mother and child on the reservation. We conclude these admitted facts are sufficient to establish his status as an Indian under § 1153(a).

Finally, Pemberton was charged under § 1153(a) as an Indian, as well as § 1152 which alleged he was a non-Indian. As part of the negotiated plea agreement, Pemberton chose to plead guilty under § 1153(a) and admit he was an Indian.

> [R]egardless of which statute applied (one of them certainly did) [Defendant] was guilty of a federal crime because he, like everyone else, is either an Indian or he is not. Between them, the statutes apply to all defendants whatever their race or ethnicity. In other words, we believe that the situation here is the same as it would be if we were dealing not with two statutes but with a single one that provided that it applied whether or not the defendant was an Indian . . . .

White Horse, 316 F.3d at 773.

---

[2]Pemberton does not dispute he has Indian blood.

Pemberton next argues the four-level enhancement under § 2A2.2(b)(3)(A) was inappropriate because there was insufficient evidence to establish the factual predicate for the enhancement. He, however, admitted the underlying facts and stipulated in the plea agreement to the applicability of the enhancement. Further, he failed to object to application of the enhancement in the PSR or at the sentencing hearing.

Because Pemberton raised no objection in the district court to the sufficiency of this evidence, we review his claim for plain error and accord relief only if the alleged error "affect[s] substantial rights [and] seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." White Horse, 316 F.3d at 772 (quoting Cotton, 535 U.S. at 632-33 (2002). Here, the facts admitted by him are more than sufficient to withstand plain error review. Accordingly, we reject his contentions and conclude he is bound by the agreement and his admissions. See United States v. Wicker, 80 F.3d 263, 267 (8th Cir. 1996) (holding defendant's admissions at plea hearing provided abundant evidence in support of guilty plea); United States v. Peebles, 80 F.3d 278, 279 (8th Cir. 1996) (per curiam) (holding defendant's claims of innocence are unavailing given admissions to the contrary in plea agreement, stipulation, and at change-of-plea hearing); see also United States v. Stuttley, 103 F.3d 684, 686 (8th Cir. 1996) (holding post-plea regrets are not a fair and just reason to warrant withdrawal of guilty plea).

III

The order and judgment of the district court are affirmed.

---

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans